```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

ALAN A. DUBEAU,                         :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :  File No. 1:11-cv-255-jgm
                                        :
DARTMOUTH HITCHCOCK MEDICAL CENTER      :
and MARY HITCHCOCK MEMORIAL             :
HOSPITAL,                               :
                                        :
          Defendants.                   :
_____:

### RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### (Doc. 18)

Defendants Dartmouth Hitchcock Medical Center ("DHMC") and Mary Hitchcock Memorial Hospital ("MHMH") move for summary judgment (Doc. 18) on the first two of five counts asserted in Plaintiff Alan A. Dubeau's Amended Complaint (Doc 26).  For the reasons that follow, Defendants are entitled to summary judgment on Count One, which alleges illegal retaliation under Vermont's whistleblower protection statute, title 21, section 507 of the Vermont Statutes Annotated.  Because Dubeau represents he does not intend to pursue Count Two, which alleges negligent and intentional infliction of emotional distress, Count Two will be dismissed.

I.   BACKGROUND

Mr. Dubeau, who resides in Woodstock, Vermont, was employed by Mary Hitchcock Memorial Hospital in the Central Sterile Reprocessing ("CSR") department from May 17, 2001 to January 6,

2012.  (Dubeau Aff. ¶ 1 (Doc. 28-2); King Decl. ¶ 5 (Doc. 18-4).) MHMH is a hospital in Lebanon, New Hampshire and is licensed in that state.  (King Decl. ¶ 4; Castaldo Decl. ¶ 3 (Doc. 18-3).) DHMC is a New Hampshire non-profit corporation, with its principal place of business in Lebanon, New Hampshire.  It provides a forum for discussion among Dartmouth College, MHMH, Dartmouth Hitchcock Clinic, and the Vermont Veterans Hospital, but it is not a hospital, has no corporate or operational control over any organizations, and no employees.  (Castaldo Decl. ¶¶ 5-8.)

Dubeau's Complaint alleges that during his tenure in the CSR, he became alarmed that the sterilization processes for reusable medical devices and equipment had become inadequate and dangerous.  Amended Compl. ¶ 8.  Dubeau complained to superiors and department heads about mislabeling and ethylene oxide gas sterilization of human body parts at the Vermont VA Hospital, and surgical instrument washers running for months without enzymatic detergent for sterilization, resulting in an outbreak of patient infections.  He also reported that he would support his supervisor's legal action alleging retaliation against her for reporting similar violations.  Id. ¶¶ 14-22.  Defendants allegedly did not take action to address the inadequate processes until September 2011, when they faced an accreditation inspection.  Id. ¶ 24.  Dubeau alleges Defendants retaliated against him, by ordering him to stop complaining and to cease

issuing corrective actions to employees, threatening him with physical harm, wrongfully accusing him of inappropriate sexual conduct, causing him to relinquish a higher management position, and, ultimately, firing him.  Id. ¶¶ 27-36.  The Amended Complaint also alleges the retaliation amounted to either intentional or reckless infliction of emotional distress.  Id. ¶ 40-44.

II. DISCUSSION

Summary judgment is proper if the record shows "no genuine dispute as to any material fact" such that the moving party "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Defendants are entitled to summary judgment on Count One because neither is subject to the Vermont whistleblower protection statute.  Section 507 of the statute, which prohibits health care employers from retaliating against employees for any of several protected activities, defines an "employer" subject to the statute as "a hospital as defined in subdivision 1902(1) of Title 18," of the Vermont Statutes.  Vt. Stat. Ann. tit. 21, § 507.  Subdivision 1902(1), in turn, defines the term "hospital" as it is used in the statutory provisions governing licensure of Vermont hospitals.  Vt. Stat. Ann. tit. 18, § 1902(1).

It is undisputed that neither Defendant is a hospital licensed in Vermont – DHMC is a New Hampshire non-profit corporation and not a hospital, and MHMH is a non-profit hospital licensed in New Hampshire.  Furthermore, Dubeau is employed only

by MHMH; DHMC is an entity that has no employees.  Defendants also point out that the legislative history of section 507 makes clear its enactment was intended to apply only to Vermont hospitals.  <u>See</u> Defendants' Br. at 5-6.  There is no indication the statute has, or is meant to have, an extra-territorial effect outside Vermont.  Therefore, summary judgment for Defendants on Count One is proper.

Defendants also seek summary judgment on Count Two, in which Dubeau asserts he suffered emotional distress as a result of Defendants' conduct.  They argue this claim is barred by the New Hampshire Workers' Compensation Act.  Plaintiff's Opposition to the Motion for Summary Judgment makes no argument in support of Count Two, and in a footnote, indicates he does not intend to pursue this claim.  (Doc. 28 at 15.)  Therefore, the Court will dismiss Count Two.

III. CONCLUSION

Defendants are entitled to summary judgment on Count One, and Count Two is dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of May, 2012.

<u>/s/ J. Garvan Murtha</u>  
Honorable J. Garvan Murtha  
United States District Judge